# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GRACE ALBANESE, et al., | Case No. 2:17-cv-01284-MMD-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | |
| Defendant(s). | |

Plaintiff Grace Albanese, proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and submitted a complaint on May 8, 2017. Docket Nos. 1, 1-1.

## I. *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915 showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, the Court additionally screens the complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When the Court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8[1] does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this instance, Plaintiff has submitted a one-page complaint that mentions "obstruction of justice" and "equal protection under the law." *See* Docket No. 1-1. Plaintiff fails to cite any specific statutes or constitutional provisions. *Id.* Further, she fails to set forth in sufficient detail the facts underlying this action. *Id.* As a preliminary matter, therefore, Plaintiff's complaint fails to satisfy Rule 8's basic requirements and therefore fails to state a claim upon which relief can be granted.

---

[1] Unless otherwise stated, all references to "Rules" denote the Federal Rules of Civil Procedure.

Additionally, the sole defendant that Plaintiff names is the Las Vegas Metropolitan Police Department ("LVMPD"). *Id.* The Ninth Circuit has held that, pursuant to Federal Rule of Civil Procedure 17(b), state law determines whether a department of a municipality may sue or be sued. *See, e.g.*, *Streit v. Cty. of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001). LVMPD is a department of the City of Las Vegas and, "[i]n the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued." *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996) (citing 64 C.J.S. Municipal Corporations § 2195 (1950)); *see Schneider v. Elko Cty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1665 (D. Nev. 1998); *see also Wallace v. City of N. Las Vegas*, 2011 WL 2971241, at *1 (D. Nev. 2011) ("Plaintiffs have not identified any statutory authority that permits the Department to be sued, and the court is unaware of any such authority"); *Cerros v. N. Las Vegas Police Dep't*, 2008 WL 608641, at *9 (D. Nev. 2008) ("Nevada does not grant authorization of a police department to sue or be sued"). Thus, Plaintiff has not demonstrated that LVMPD is a proper defendant in this action.[2] The Court will give Plaintiff an opportunity to cure the aforementioned deficiencies.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance

---

[2] To the extent that Plaintiff wishes to allege municipal liability against the City of Las Vegas under 42 U.S.C. § 1983, she must demonstrate the existence of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels" that resulted in a violation of her civil rights. *Monell v. Dep't of Social Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Plaintiff has not made this showing. *See* Docket No. 1-1.

and/or service of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **June 9, 2017**, to file an Amended Complaint, if she believes she can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., her original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

DATED: May 10, 2017.

NANCY J. KOPPE
United States Magistrate Judge